Randy L. THOMAS, Plaintiff–Appellant,

v.

UNITED STATES, Defendant–Appellee.

No. 2008–5178.

United States Court of Appeals, Federal Circuit.

Dec. 2, 2008.

Randy L. Thomas, Charlotte, NC, pro se.

Scott Thomas Palmer, Department of Justice, Washington, DC, for Defendant–Appellee.

Before MICHEL, Chief Judge, RADER and PROST, Circuit Judges.

ON MOTION

PER CURIAM.

*ORDER*

The United States moves for summary affirmance of the July 18, 2008 judgment of the United States Court of Federal Claims dismissing Randy L. Thomas's complaint for lack of jurisdiction.

On April 17, 2007, Thomas filed a complaint alleging various grievances against a number of state, local, federal, and private entities. The Court of Federal Claims dismissed Thomas's complaint, determining that it did not have jurisdiction over the numerous claims. Thomas filed a similar complaint on July 2, 2008, which the court also dismissed for lack of jurisdiction. The Court of Federal Claims repeated its observation that "[n]othing in the complaint reasonably can be construed to state a claim within the court's jurisdiction." This appeal followed.

Summary affirmance of a case is appropriate "when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists". *Joshua v. United States*, 17 F.3d 378, 380 (Fed.Cir.1994).

Here, the Court of Federal Claims correctly concluded that it lacked jurisdiction over Thomas's complaint. The United States argues that the Court of Federal Claims did not have jurisdiction over Thomas's complaint because the complaint "asserts (1) violations of constitutional Amendments that are not money-mandating, (2) claims sounding in tort (e.g., claims seeking compensation for intentional infliction of emotional distress), (3) claims of privacy violations, (4) requests for declaratory relief, (5) requests for punitive damages, (6) violations of civil rights statutes, (7) claims against defendants other than the United States, and (8) violations of criminal statutes." Upon review, we determine that no substantial question exists that the Court of Federal Claims correctly determined that it did not have jurisdiction. Thus, summary affirmance is appropriate.

Accordingly,

IT IS ORDERED THAT:

(1) The United States' motion for summary affirmance is granted.

(2) Each side shall bear its own costs.